**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **DEBRA STEPHENSON** ) | |
| **11820 New Market Rd.** ) | |
| **Dearborn, MO 64439** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CASE NO.** |
| **v.** ) | |
| ) | **DIVISION** |
| **RAILCREW XPRESS** ) | |
| **9867 Widmer Road** ) | |
| **Lenexa, Kansas 66215** ) | |
| ) | |
| ) | |
| **DEFENDANT** ) | |
| ) | |
| **Serve:** ) | |
| **CSC-Lawyers Inc.** ) | |
| **221 Boliver Street** ) | |
| **Jefferson City, MO 65101** ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, by and through her attorneys of record, and for her Complaint against Defendant states as follows:

**PARTIES, VENUE, AND SUBJECT MATTER JURISDICTION**

1. Plaintiff Debra Stephenson ("Plaintiff" or "Stephenson") is an individual resident of the State of Missouri, residing in Platte County, Missouri within the geographical limits of the Western District of Missouri.

2. Upon information and belief Defendant Railcrew Xpress is a Kansas Corporation doing business in Missouri within the geographical limits of the Western District of Missouri.

1

3. All acts and events complained of herein occurred in Platte County, Missouri within the geographical limits of the Western District of Missouri.

4. Plaintiff's cause of action for violation of 29 U.S.C. §216 raises a federal question, and therefore this court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. Plaintiff's cause of action for retaliation under Missouri's Worker's Compensation statutes, 287.780 et seq., RSMo, arises under Missouri law.

6. Plaintiff's state law claims arise from a common nucleus of operative fact which would ordinarily be expected to be tried in one judicial proceeding and therefore this court has "pendent claim" jurisdiction over such claims.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is an employee of Defendant Railcrew Xpress.

8. Plaintiff has worked for Defendant for approximately nine (9) years.

9. While plaintiff has been employed she has met and exceeded all of Defendant's expectations and job requirements.

10. The Department of Labor conducted an investigation of Defendant.

11. Following the investigation it was determined that Plaintiff's job was incorrectly deemed exempt and that it does not meet the requirements for an exempt position.

12. Plaintiff consistently worked in excess for 40 hours per week during her tenure at Railway Xpress.

13. Defendant knew or should have known that Plaintiff's job duties make her position non-exempt.

2

14. Defendant willfully refused to pay plaintiff overtime for the hours she worked in excess of forty hours per week.

15. In June of 2016, Plaintiff was injured at work.

16. Plaintiff injured her back while at work and ruptured a disc.

17. Plaintiff filed a worker's compensation claim.

18. Plaintiff received surgery in March of 2017, to repair her injury.

19. Following Plaintiff filing a worker's compensation claim she began to suffer disparate and discriminatory treatment.

20. Plaintiff did not receive a bonus due to her filing of a worker's compensation claim.

21. Plaintiff's position was not made a Salaried OT position due to her filing a worker's compensation claim.

22. Plaintiff lost benefits including but not limited to: health insurance, dental insurance, vision insurance, life insurance, long and short term disability insurance, two weeks of vacation, and paid holidays due to her filing a worker's compensation claim.

**COUNT I: VIOLATION OF 29 U.S.C. §216**

23. Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 22 of this Complaint.

24. Defendant's actions, as noted above, constitute a violation of the Fair Labor Standards Act ("FLSA").

25. Defendant's actions, as noted above, constitute a violation of FLSA.

26. Defendant's actions, as noted above, constitute a willful violation of the FLSA.

3

## COUNT II: RETALIATION FOR EXERCISING RIGHTS UNDER MISSOURI WORKERS COMPENSATION LAWS AGAINST ALL DEFENDANTS

27. Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 26 of this Complaint.

28. Defendant's actions, as noted above, constituted retaliatory discrimination in violation of Missouri's Workers Compensation laws.

29. Defendant's actions, as noted above, were retaliatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff and, as such, were unlawful employment practices in violation of Chapter 287, RSMo.

30. At the time these actions were taken by Defendant, Defendant knew that their actions were unlawful.

**31.** As a direct and proximate result of the Defendant's conduct, Plaintiff experienced economic loss, irreparable harm to reputation, experienced and will continue to experience emotional trauma, and incurred attorney's fees in an effort to help her vindicate her rights.

WHEREFORE, Plaintiff prays for a judgment in her favor and against Defendant for compensatory damages in such amount as is fair and reasonable to compensate her for her injuries, but in any event no less than $75,000.00 (Seventy-Five Thousand Dollars) or in the alternative for nominal damages, prays for attorney's fees, prays for reinstatement and other equitable relief, prays for punitive damages, and further prays for such other or additional relief as the Court may deem just. Plaintiff further demands trial by jury of all counts and causes of action in this Complaint

4

Respectfully submitted,


/s/Brooke Davids
Kevin A. Graham MO Bar No. 41709
Brooke Davids MO Bar No. 64434
**GRAHAM LAW GROUP, P.C.**
11 East Kansas
Liberty, Missouri 64068
(816) 792-0500
Fax (816) 781-6843
kevin@grahamlg.com
brooke@grahamlg.com

**ATTORNEYS FOR PLAINTIFF**