**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

DEBRA STEPHENSON,            )
                                  )
        Plaintiff,           )
                                  )
      v.                    )     Case No. 5:19-cv-06054
                                  )
RAILCREW XPRESS, LLC,    )
                                  )
        Defendant.    )
                                  )

<u>**JOINT MOTION TO APPROVE FLSA SETTLEMENT**</u>

Plaintiff, Debra Stephenson, and Defendant, Railcrew Xpress, LLC, hereby move the Court for entry of an order approving their resolution of Plaintiff's FLSA claim. The proposed settlement is included in the Settlement Agreement, attached in redacted form as Exhibit A.[1]

**I.**     **FLSA SETTLEMENTS REQUIRE COURT APPROVAL.**

"There is a recognized circuit split on whether 'the FLSA requires judicial approval to settle bona fide disputes over hours worked or waged owed.'" *Loveless v. EcoTech, LLC.*, No. 4:19-CV-02698-SNLJ, 2020 WL 1032239, at *1 (E.D. Mo. Mar. 3, 2020) (quoting *Barbee v. Big River Steel, LLC.*, 927 F.3d 1024, 1026 (8th Cir. 2019)). Thus, some federal courts have held that purely private settlements of FLSA claims are unenforceable. *See, e.g., Shackleford v. Cargill Meat Solutions*, 2013 WL 209052, *3 (W.D. Mo. Jan. 17, 2013); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Ultimately, what is clear is that wage claims arising under the FLSA can be settled in one of two ways. First, 29 U.S.C. § 216(c) authorizes the Secretary of Labor to supervise payment of unpaid wages owed to employees. Second, in a private

---

[1] In addition to the FLSA claim, the parties are also resolving Plaintiff's age discrimination claim and agreeing to a full release. Since this Motion relates only to Plaintiff's FLSA claim, the parties have redacted the amounts attributable to the remainder of the agreements. The parties note that they have attributed $4,700.00 of the attorneys' fees paid to the FLSA claim. The remainder of the fees are attributed to the other claims asserted by Plaintiff.

action under 29 U.S.C. § 216(b), a district court may approve a settlement reached as a result of contested litigation to resolve a bona fide dispute between the parties. *Id*. (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)).

In a private action under § 216(b), a court must make two inquiries. First, the court must determine if the settlement was the product of "contested litigation." Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties. To indicate fairness, courts will generally rely on the adversarial nature of a litigated FLSA case that results in settlement. *Lynn's Food Stores*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*.

### A. The Proposed Settlement Is the Product of Contested Litigation.

Defendant was the subject of a Department of Labor ("DOL") investigation in 2018. As part of that investigation, the DOL attempted to negotiate settlements between Defendant and several employees. Defendant reached agreement with all of its employees other than Plaintiff.

After failing to reach agreement, Plaintiff filed a Complaint that instigated this litigation. The case was initially filed in April 2019, and Plaintiff filed an Amended Complaint in January 202. *See* Doc. 1, Doc. 23. The parties engaged in investigation of Plaintiff's claims, and counsel for both parties are experienced in FLSA litigation. The parties also spent considerable time and energy analyzing the merits of the case, discussing various issues implicated in the case, and responding to various claims and defenses during both the Department of Labor investigation and litigation phases. The parties have exchanged and reviewed employment-related documents and engaged in weeks of negotiations based on the respective counsels' review and analysis of relevant payroll records and other employment documents.

**B. The Proposed Settlement Reflects a Fair and Reasonable Resolution of a Bona Fide Dispute Between the Parties over FLSA Coverage.**

The second prong of the Court's settlement approval inquiry focuses on two issues. First, a bona fide dispute must be shown. Second, the Court must scrutinize the proposed settlement to ensure it is fair and reasonable.

### 1. A Bona Fide Dispute Between the Parties Existed.

In this case, Plaintiff alleged that Defendant previously (and improperly) classified her as an exempt employee and therefore violated the FLSA by failing to pay Plaintiff overtime for overtime hours worked. Doc. 23. Defendant asserted that Plaintiff was properly classified as exempt but that, even if she was not, Plaintiff was fully and properly paid for all hours worked.

### 2. The Proposed Settlement Is Fair and Reasonable.

The parties mediated this case with the MAP Coordinator, Jill Morris. The case did not settle at mediation, but the parties continued to negotiate after mediation and ultimately reached a resolution that both parties believe is fair and reasonable.

Plaintiff asserts that she worked more than 16 hours of overtime per week. Based on this allegation, Plaintiff claimed she was owed approximately $14,000. Plaintiff further claimed she was entitled to liquidated damages. Defendant investigated the number of hours Plaintiff worked by reviewing electronic records showing when Plaintiff performed work on her computer. Defendant maintains that nearly everything Plaintiff did required the use of her computer. Defendant's analysis revealed that Plaintiff worked very few, if any, overtime hours. In fact, Defendant contends Plaintiff did not even work 40 hours per week in many weeks. In addition, Defendant maintains that Plaintiff was properly classified as exempt. Even were the Court or a jury to determine Plaintiff was not properly classified as exempt, Defendant denies Plaintiff would be entitled to liquidated damages.

3

As shown in Exhibit A, the parties have agreed to resolve Plaintiff's FLSA claim for $14,000. Given the many disputes regarding liability and the number of overtime hours Plaintiff worked, this resolution is imminently reasonable.

## II. CONCLUSION.

For the foregoing reasons, the parties respectfully request that the Court approve the parties' Settlement Agreement and dismiss this case with prejudice.

Respectfully submitted,

*/s/ Jeannie M. DeVeney*
Jeannie DeVeney, Mo. Bar 46885
Whitney L. Fay, Mo. Bar 68061
LITTLER MENDELSON, PC
1201 Walnut Street, Suite 1450
Kansas City, MO   64106
Telephone: (816) 627-4400
Facsimile: (816) 627-4444
jdeveney@littler.com
wfay@littler.com
ATTORNEYS FOR DEFENDANT

*/s/ Kevin Graham*
Brooke Davids, Mo. Bar 64434
TGH Litigation LLC
Kevin A. Graham, Mo. Bar 41709
GRAHAM LAW GROUP, P.C.
11 East Kansas
Liberty, Missouri 64068
(816) 792-0500
Fax (816) 781-6843
kevin@grahamlg.com
brooke@tghlitigation.com
ATTORNEYS FOR PLAINTIFF