# EXHIBIT A

## <u>SETTLEMENT AGREEMENT & RELEASE OF CLAIMS</u>

The parties to this Agreement are Railcrew Xpress, LLC, its predecessors, successors, and assigns; past and present officers, directors, agents, employees, insurers, and affiliated, parent and subsidiary companies and divisions; and past and present fiduciaries and administrators of any employee benefit plans ("Company"); and Debra Stephenson ("Stephenson").

1.   **Consideration.** In exchange for the promises of Stephenson contained in this Agreement, Company agrees to forego litigation of the dispute between the parties and to pay to Stephenson, as consideration in support of this Agreement, ████████████ Dollars ($███████), payable as follows:

  a. A check payable to Stephenson in the gross amount of $14,000.00, less any applicable withholdings and deductions, which the parties agree is attributable solely to Stephenson's alleged damages for claims asserted under the Fair Labor Standards Act ("FLSA"), and for which Stephenson will receive an IRS Form W-2;

  b. A check payable to Stephenson in the gross amount of $██████, less any applicable withholdings and deductions, for alleged lost wages based on Stephenson's non-FLSA claims, and for which Stephenson will receive an IRS Form W-2;

  c. A check payable to Stephenson in the gross amount of $██████, for alleged personal injuries, and for which Stephenson will receive an IRS Form 1099; and

  d. A check in the gross amount of $██████, made payable to Stephenson's counsel, the Graham Law Group, P.C., tax ID number 43-1785501 and for which Graham Law Group will receive an IRS Form 1099.

- The parties agree that the amount of consideration provided by Company and the monetary allocations set forth herein are fair, reasonable, and in resolution of a bona fide dispute. Accordingly, Stephenson and her counsel agree to cooperate with Company to obtain judicial approval of the portion of this settlement paid to resolve Stephenson's FLSA claims. Stephenson further agrees she will work with Company in its effort to request that the FLSA settlement remains confidential.

- The parties further agree that if the Court does not approve the FLSA settlement, then this Agreement will not go into effect.

- Stephenson acknowledges that she is not otherwise entitled to the consideration herein, and is receiving the consideration only in exchange for the execution of this Agreement. The payments described above will be made within 30 days of the date the Court approves the FLSA settlement. Company agrees to file a Motion seeking approval of the FLSA settlement within 20 days of the date Stephenson delivers an executed copy of this Agreement to Defendant along with an executed IRS Form W-9 for both Stephenson and Stephenson's counsel and only if Stephenson does not revoke the Agreement as described below.

**2.** **Release of Claims.** Stephenson releases and forever discharges Company from all claims of any kind whatsoever now existing up to the date of the execution of this Agreement. The claims released and discharged include, but are not limited to, all claims asserted, or which could have been asserted, under federal, state, or local constitution, law, regulation, ordinance or common law that in any way relate to employment, discrimination or harassment in employment, termination of employment, or retaliation with respect to employment, including, but not limited to, claims pursuant to:

a. The Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.*;

b. The Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*;

c. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*;

d. The Americans With Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*;

e. The Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*;

f. The Employee Retirement Income Security Act (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, and any other laws relating to employee benefits including, but not limited to, any retirement, health or welfare benefit plans;

g. Any state anti-discrimination statute;

h. Any and all claims for alleged breach of an express or implied contract;

i. Any and all tort claims, including but not limited to alleged assault, battery, retaliation for assertion of workers' compensation rights and alleged wrongful termination in violation of public policy;

j. Any and all claims under workers' compensation law; and

k. Any and all claims for attorney's fees.

**3.** **Covenant Not to Sue and Dismissal of Case.** Stephenson agrees not to initiate any further legal proceeding relating to any of the matters released herein. Stephenson agrees to dismiss with prejudice the lawsuit *Debra Stephenson v. Railcrew Xpress, LLC*, Case No. 5:19-cv-06054-DGK within ten days of receipt of the consideration in Paragraph 1.

Nothing in this Agreement will prevent Stephenson from filing a charge or complaint with, reporting possible violations of any law or regulation to, providing information or documents to, or participating in any investigation or proceeding conducted by, the National Labor Relations Board, Equal Employment Opportunity Commission, the Securities and Exchange Commission, or any other governmental authority charged with the enforcement of any laws. However, to the extent permitted by applicable law, by signing this Agreement

Stephenson is waiving any right to individual relief based on claims asserted in such a charge or complaint, or asserted by any third-party on Stephenson's behalf, except for any right Stephenson may have to receive payment from a government agency (and not from Company) for information provided to the government agency.

    **4.**    **Resignation and No Re-Employment.**   Stephenson agrees to resign from employment, effective on the date she files a stipulation of dismissal with prejudice. Company agrees that Stephenson may remain on a leave of absence until the day she receives the consideration outlined in Paragraph 1. After her resignation, Stephenson waives any claim for reinstatement, and agrees not to seek re-employment with Company at any time in the future. Stephenson agrees that any attempt to obtain re-employment with Company will constitute a breach of this Agreement, and that Company may rely upon such breach in refusing employment to Stephenson, or in discharging Stephenson from employment.

    **5.**    **No Work-Related Illness or Injury.**   Stephenson acknowledges and represents that she did not suffer or sustain any injury or illness in her work for Company that would give rise to a claim under worker's compensation law other than what she has not already reported.

    **6.**    **Full Compensation for All Hours Worked.**   Stephenson acknowledges and represents that she was fully and properly paid for all hours worked for Company after she became a non-exempt employee.

    **7.**    **Future Communications.**   Stephenson agrees not to disparage or make negative comments Company to any third party. Company agrees to respond to any employment-related inquiries regarding Stephenson by referring the requesting party to the Work Number, which provides only objective information.

**8.     Tax Consequences.**  Stephenson agrees she has not relied on any advice from Company or attorneys for Company concerning whether payments made pursuant to this Agreement are taxable, but is relying on her own judgment. Stephenson understands and agrees that no taxes are being withheld from portions of the payments being made herein, and Stephenson will take full responsibility should any controversy arise concerning taxability of those payments. Stephenson will indemnify and hold harmless Company in the event Company is assessed with fines or penalties relating to the payments made herein.

**9.     Confidentiality.**  This Agreement may be specifically enforced and may be used as evidence in an action relating to the breach of this Agreement, but otherwise Stephenson shall keep both the terms of this Agreement and Stephenson's allegations against Company strictly confidential and shall not disclose either to third parties, except (1) as required by process of law, and (2) that Stephenson may disclose the Agreement to her attorney and financial advisor, so long as she informs each such third party of the Confidential nature of the Agreement and that Stephenson will be liable for a breach by any such third party. Stephenson may, without violating this confidentiality provision, respond to inquiries regarding her dispute by stating that the matter has been resolved.

**10.     No Admission of Liability.**  The tender of consideration in this Agreement is not meant to be construed as an admission of liability or wrongdoing on behalf of Company or Stephenson, and any such liability or wrongdoing is expressly denied by the parties.

**11.     Consultation with Attorney.**  Company hereby advises Stephenson to consult with an attorney prior to executing this Agreement. Stephenson acknowledges that she in fact consulted with her attorneys.

**12.     Time to Consider.**  Stephenson acknowledges and agrees that she was given a period of at least 21 days within which to consider this Agreement. Stephenson further acknowledges that

she has been given a period of seven days following the execution of this Agreement to revoke the Agreement by providing written notice of revocation to Company's counsel. This Agreement will not become effective or enforceable until the revocation period has expired and after the Court approves the FLSA settlement.

**13. Medicare.** Stephenson represents and warrants that she is not a Medicare beneficiary, and that no conditional payments have been made by Medicare to or on behalf of Stephenson, as of the date Stephenson executes this Agreement.

Stephenson will indemnify, defend, and hold Company and its insurers and reinsurers harmless from any Medicare-related claims including, but not limited to, any liens, conditional payments, rights to payment, multiple damages, or attorney's fees.

**14. Severability of Provisions.** The provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions (with the exception of the provisions of Paragraph 2) shall not affect the validity or enforceability of any of the other provisions.

**15. No Other Representations.** Stephenson acknowledges that no promises or agreements not expressed in this Agreement have been made; that this Agreement is not executed in reliance upon any statement or representation made by Company or by any person employed by or representing Company other than the statements contained in the Agreement itself; and that the terms of this Agreement are contractual and not merely recitals.

**16. Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of Missouri whether or not any party is or may hereafter be a resident of another state.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

*Debra Stephenson*

**Debra Stephenson**

Date: 4-8-2020

Railcrew Xpress, LLC

*Sandy Walker*

**Railcrew Xpress, LLC**
**By:** Sandy Walker
**Title:** VP

Date: 5/7/2020

## ATTORNEY APPROVAL OF AGREEMENT

The undersigned, as attorney for Stephenson, agrees that he will maintain the confidentiality of the Agreement in accordance with the terms of the Agreement. The undersigned hereby waives any claim to attorney's fees and costs against Company. All such attorney's fees and costs have been satisfied by Company by virtue of the payments paid pursuant to the Agreement. The undersigned shall be fully responsible for any attorney's fees, liens or costs claimed by anyone else who may have performed legal service for Stephenson in her claims against Company.

**Kevin Graham,** for himself and on behalf of The Graham Law Group, P.C.