IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DEBRA STEPHENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:19-06054-DGK |
| ) | |
| RAILCREW XPRESS, ) | |
| ) | |
| Defendant. ) | |

## ORDER APPROVING FLSA SETTLEMENT

This case arises from Plaintiff Debra Stephenson's allegation that her employer, Defendant Railcrew Xpress, violated the Fair Labor Standards Act ("FLSA") by incorrectly classifying her as an exempt employee and failing to pay her overtime compensation. She also contends Defendant violated the Age Discrimination in Employment Act.

Now before the Court is the parties' Joint Motion to Approve FLSA Settlement (Doc. 30). Because the proposed settlement meets the prerequisites for approval, the motion is GRANTED.

### Background

Defendant was the subject of a Department of Labor ("DOL") investigation in 2018. As part of that investigation, the DOL attempted to negotiate settlements between Defendant and several employees. Defendant reached agreement with all of its employees other than Plaintiff. After failing to reach agreement, Plaintiff filed a Complaint that instigated this litigation. The case was initially filed in April 2019; Plaintiff filed an Amended Complaint in January 2020.

The parties report that they investigated Plaintiff's claims, and counsel for both parties are experienced in FLSA litigation. The parties also spent considerable time and energy analyzing the merits of the case, discussing various issues implicated in the case, and responding to various

claims and defenses during both the DOL investigation and litigation phases. The parties have exchanged and reviewed employment-related documents and engaged in weeks of negotiations based on the respective counsels' review and analysis of relevant payroll records and other employment documents. An experienced mediator assisted the parties reach the proposed settlement.

## Standard

Although ordinarily employers and employees can settle disputes without court approval, where, as here, an employee has brought a lawsuit directly against an employer for violating the FLSA, any settlement must be approved by the court for the settlement to have any res judicata effect. *Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment."); *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). To approve an FLSA settlement under 29 U.S.C. § 216(b), the court must find that: (1) the litigation involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable. *Lynn's Food Stores*, 679 F.3d at 1355.

In reviewing the proposed settlement ("the Settlement"), the Court is mindful that public policy favors settlements of FLSA claims. *Lynn's Food Stores*, 679 F.2d at 1354. A court must, therefore, not substitute "its own judgment as to optimal settlement terms for the judgments of the litigants and their counsel." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148–49 (8th Cir. 1999) (ruling in the context of a Rule 23 class action settlement).

**Discussion**

The Court finds the Settlement satisfies the prerequisites for approval.

**I.      The parties have shown a bona fide wage and hour dispute exists.**

To demonstrate a bona fide wage and hour dispute exists, the parties must provide the reviewing court with the following information:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012).

Here, the parties have provided the Court with the essential information needed to approve the Settlement, particularly since there was already a DOL investigation that resulted in settlements with other employees. The nature of the dispute here concerns whether Plaintiff was properly classified as an exempt employee, and if not, how much, if any, overtime she worked. Defendant claims she was an exempt employee, and even if she was not, she did not work overtime as evidenced from computer records. Plaintiff disputes this, arguing she routinely worked more than forty hours a week. Consequently, although the parties could have provided more information about the dispute, the Court is certain that a bona fide dispute exists.

## II. The Settlement is fair and equitable to all parties.

To evaluate the fairness and reasonableness of an FLSA settlement, the Court considers the following factors:

> (1) the amount of discovery that has occurred; (2) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (3) whether there are any indicia of collusion; (4) class counsel, the parties, and the class members' opinions about the settlement; and (5) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*Sanderson v. Unilever Supply Chain, Inc.,* No. 4:10–CV–0775–FJG, 2011 WL 5822413, at *2 (W.D. Mo. Nov. 16, 2011).

Applying these factors to the present case, the Court first notes that although no formal discovery has taken place, the parties engaged in informal discovery which provided Plaintiff with the relevant information. This is not unusual in FLSA cases, particularly a one-plaintiff, straightforward dispute such as this one, and so this factor does not weigh heavily one way or the other in the analysis.

Second, although the Settlement was reached very early on in the litigation, which weighs against approval, the Settlement is the product of an arms-length negotiations with the assistance of an experienced mediator. Additionally, if this case were litigated to a conclusion, it would likely be several years before Plaintiff received any compensation, even if she prevailed, which is uncertain. Thus, on balance, the second factor favors approval.

Third, the Court finds no indicia of collusion. This factor favors approval.

Fourth, both Plaintiff's counsel and Plaintiff appear satisfied with the Settlement. This factor favors approval.

Fifth and finally, although the record on this issue is somewhat sparse, the Court notes that the amount Defendant is paying to settle a one-employee FLSA claim here—$14,000—is substantial; thus, in the absence of any evidence to the contrary, the Court finds the present value of the Settlement outweighs the potential recovery after continued litigation.

Since all the factors weigh in favor of approval, the Court approves the Settlement. The Court makes no finding or holding concerning the reasonableness of any attorneys' fee.

## Conclusion

The Court GRANTS the parties' Joint Motion to Approve FLSA Settlement (Doc. 30).

**IT IS SO ORDERED.**

Date:  May 14, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT